IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY V. CLICK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08 C 6283 |
| OFFICER JEFFREY LANG, et al., | ) Judge Joan B. Gottschall |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Anthony Click, currently incarcerated at the Will County Adult Detention Facility, filed this 42 U.S.C. § 1983 action against South Barrington Officers Jeffrey Lang and Sam Lopez ("Defendants"). Plaintiff alleges that the Defendants falsely arrested Plaintiff on October 9, 2007 and maliciously prosecuted him for theft and trespassing. The Defendants have filed a motion for summary judgement. Plaintiff has responded. For the following reasons, the court grants the motion for the Defendants. The court dismisses with prejudice the false arrest and false imprisonment claims, and the court dismisses for lack of jurisdiction and without prejudice to refiling in state court the malicious prosecution claim.

**I.   SUMMARY JUDGMENT STANDARD**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Indiana, Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, the court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.

The movant bears the initial burden of demonstrating that there is no genuine issue of material fact and that judgment based upon the uncontested facts is warranted. *See Celotex Corp.*, 477 U.S. at 325. If the movant meets this burden, the nonmoving party must "go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted); *Celotex*, 477 U.S. at 322-26. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if a reasonable finder of fact could return a decision for the nonmoving party based upon the record. *See Anderson*, 477 U.S. at 252; *Insolia v. Phillip Morris Inc.*, 216 F.3d 596 (7th Cir. 2000).

Because Plaintiff is a *pro se* litigant, the Defendants served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by N.D. Ill. Local Rule 56.2. The notice explains the consequences of failing to respond properly to a motion for summary judgment and to a statement of material facts under Fed. R. Civ. P. 56(e) and Local Rule 56.1.

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). The nonmoving party must admit or deny each factual statement proffered by the moving party and concisely designate any material facts that establish a genuine dispute for trial. *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). Any uncontested fact in the movant's Rule 56.1 Statement not addressed by the nonmovant may be considered true. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). Furthermore, "evasive denials that do not fairly meet the substance of the material facts asserted" do not satisfy a litigant's obligation to properly respond to a Rule 56.1 factual statement. *Bordelon*, 233 F.3d 524, 528 (7th Cir. 2000).

In the instant case, Plaintiff has responded to the Defendants' Rule 56.1 Statement. (*See* R. 44, Pl.'s Answer.) The Defendants have filed a motion to strike several of Plaintiff's responses. (R. 47.) Although some of Plaintiff's responses do not cite to the record and present an argument, as opposed to a statement of fact, even without striking these responses, the Defendants are entitled to summary judgment. Accordingly, the court grants summary judgment in favor of the Defendants, but denies their motion to strike several portions of Plaintiff's Answer as unnecessary.

## II.   FACTS

The summary judgment evidence shows the following. On October 9, 2007, at 2:49 a.m., an officer with the Village of Hoffman Estates, Adam Marak, who is not a defendant in this case, conducted a traffic stop on a Buick Century for making an illegal turn into a gas station. The occupants of the Buick were Plaintiff and his brother, George Click. Officer Marak contends that Plaintiff was the driver, while Plaintiff states that his brother was the driver. (R. 32-7, Marak's Affidavit, ¶¶ 1-5; R. 44, Plaintiff's Answer to Defendants' Local Rule 56.1 Statement, ¶¶ 15-16.) Officer Marak states that the bottom halves of Plaintiff's and his brother's pants were wet and muddy. Officer Marak allegedly also noticed a significant amount of copper piping in a trash can in the back seat of the Buick. Plaintiff asserts that his pants were not wet or muddy and that he did not know what was in the back seat of his brother's car since his brother had picked up Plaintiff just prior to the stop. (R. 32-7, Marak's Aff. ¶¶ 5-6; R. 44, Pl's Answer ¶¶ 17-18.) According to the Defendants, Officer Marak ran a check of Plaintiff's license and learned that the license was suspended and that there was an active warrant for Plaintiff's arrest. Plaintiff states that Marak ran a check of Plaintiff's brother's license and learned that it was suspended, and that Plaintiff then informed Marak that he had an active Will County arrest warrant. (R. 32-7, Marak's Aff. ¶¶ 7-8; R. 44, Pl.'s Answer ¶ 19.) The parties agree that Plaintiff was taken into custody at that time. (R. 44, ¶ 20.)

Officer Marak conducted a search of the vehicle subsequent to the arrest and found copper piping, pipe cutters, saws, and copper panels in the Buick. Plaintiff states that he did not know what

was in the car since he had entered the car just prior to the stop. (R. 32-7, Marak's Aff. ¶ 9; R. 44, Pl.'s Answer ¶ 21.) According to Officer Marak, he was aware that the Hoffman Estates Police Department had recently received reports of thefts of copper piping. The copper pipes in the Buick appeared to Officer Marak to be freshly cut. (R. 32-7, Marak's Aff. ¶ 9.)

Officer Marak brought Plaintiff and his brother to the Hoffman Estates Police Department. (R. 32-7, Marak's Afff. at ¶¶ 11-12.) Plaintiff was arrested pursuant to the arrest warrant, and he and his brother were taken to the Hoffman Estates Police Department for further investigations of the reports of stolen copper piping. (*Id.* at ¶¶ 8, 12; R. 44, Pl.'s Answer ¶ 20.) Plaintiff states that at the police station, he ws accused of driving with a suspended license. (R. 44, Pl.'s Answer ¶ 24.)

South Barrington Officer Jeffrey Lang (a defendant in this case) stated in an affidavit that he was informed that copper piping had been stolen from two houses under construction. Officer Lang visited the sites where copper piping had been cut and copper panels had been taken. (R. 32-2, Lang's Affidavit ¶¶ 3-10.) Officer Lang contacted South Barrington Evidence Technician Mark Hamiszewski and walked through the theft sites with him. (*Id.* at ¶¶ 11-12.) Lang later learned that the Hoffman Estates Police Department had two persons who were recently picked up with copper piping in their car. Officer lang went to the Hoffman Estates Police Department around 7:00 p.m. on October 9, 2007. He attempted to interview George Click, but he refused to talk. Officer Lang left and returned on October 10, 2007, with Detective Sam Lopez (a defendant in this case). Together, they again attempted to interview George Click. Again, George Click refused to speak to the officers, but stated simply for them to charge him and that he would take his chances. (*Id.* at ¶¶ 20-21.)

Lang and Lopez, after giving Plaintiff *Miranda* warnings, questioned him about the copper piping. Plaintiff allegedly stated simply that he was on probation, that he could not afford to go back to jail, and that the copper piping was in the car when his brother picked him up. (R. 32-3, Lopez's Affidavit, ¶ 13.) According to Lopez, Plaintiff refused to say anything else and told the Defendants to charge him and he would take his chances. (*Id.*). At around noon on October 10, 2007, Lang and

Lopez transported Plaintiff and his brother to the South Barrington Police Station. (*Id.* at ¶ 22.)

At the South Barrington Police Station, Plaintiff and his brother were both charged with criminal trespass, criminal damage to property, and theft. (R. 32-2, Lang's Aff. ¶ 24.) Plaintiff posted bond, but remained in custody at either the South Barrington Police Station or the Hoffman Estates Police Station pursuant to the Will County arrest warrant. (*Id.* at ¶ 25; R. 44, Pl.'s Answer ¶ 67.)

On February 13, 2008, both Plaintiff and his brother were indicted for two counts of burglary. On April 11, 2008, George Click pleaded guilty to burglary. On September 17, 2008, Plaintiff pleaded guilty to driving with a suspended license. (R. 32, Defs.' Rule 56.1 Statement, ¶¶ 76-78.)

Plaintiff contends that Lang and Lopez "conjure[d] up false information" to obtain the indictment. (R. 44, Pl.'s Answer ¶ 76.) Plaintiff states that he pleaded guilty because he was scared and had been misled by his attorney. Plaintiff further states that, although his brother pleaded guilty to burglary, Plaintiff had nothing to do with that offense; there was not enough evidence to sustain the burglary charge against him; and he should have never been arrested for it. (*Id.* at ¶¶ 77-78.)

## III. ANALYSIS

Plaintiff asserts that he was falsely arrested, falsely imprisoned, and maliciously prosecuted. (*See* R. 1, Complaint at 4.) In support of his claims, he states that (1) the charges against him for trespassing and theft were ultimately dismissed, (2) once his brother George told Officer Lang and Detective Lopez that Plaintiff knew nothing about the copper piping, he should have been released, but instead (3) the Defendants falsely indicted Plaintiff for theft and trespassing. (*Id.*; R. 44, Pl.'s Answer ¶ 60.) "By George Click having made this statement twice to Officer Lang and once to Officer/Detective Lopez, these two officers should not have arrested the Plaintiff." (R. 44, Pl.'s Answer ¶ 60.) "Because of the persistence of Officer Lang and Off/Det Lopez wanting a conviction on this case, they were able to conjure up false information and have the Plaintiff indicted (subsequently all the aforementioned charges were dismissed in the Criminal Case for lack of evidence / no probable cause."

In support of their motion for summary judgment, the Defendants state that (1) Plaintiff' arrest pursuant to an active arrest warrant defeats his false arrest claim; (2) Plaintiff was not arrested by the Defendants, but instead by Officer Marak; and (3) there was probable cause to support both the arrest and bringing of charges. (R. 31, Defs.' Memorandum in Support, p.2-15) The evidence in the record reveals that the Defendants are entitled to a judgment as a matter of law.

**False Arrest and False Imprisonment**

The claims of false arrest and false imprisonment overlap and are often considered together as one claim involving an unlawful detention. *Wallace v. Kato*, 549 U.S. 384, 389 (2007). To establish § 1983 claims of false arrest and false imprisonment, a plaintiff must be able to demonstrate that he was arrested and held in custody without probable cause. *Morfin v. City of East Chicago*, 349 F.3d 989, 997 (7th Cir. 2003) (*citing Fernandez v. Perez*, 937 F.2d 368, 370 (7th Cir. 1991) (the existence of probable cause is "an absolute bar to the plaintiff's claim for false arrest/imprisonment"). Furthermore, if probable cause existed for the arrest for one offense, a plaintiff cannot allege false arrest with respect to a different offense. "The Supreme Court has held that if an arrest is otherwise reasonable, the fact that it is not for an 'arrestable' offense does not make it unconstitutional." *Thomas v. City of Peoria*, 580 F.3d 633, 637 (7th Cir. 2009), *citing Virginia v. Moore*, 553 U.S. 164, __, 128 S. Ct. 1598, 1606-07 (2008). "The rationale of this rule is that the existence of probable cause for one offense justifies the arrest-and defeats the plaintiff's claim of false arrest-even if there was insufficient cause to arrest on the second offense alone." *Johnson v. Knorr* 477 F.3d 75, 85 (3rd Cir. 2007) (internal quotes omitted).

In this case, Plaintiff acknowledges that he was arrested and taken into custody for an active Will County arrest warrant. (R. 44, Pl.'s Answer ¶ 19.) The undisputed facts show that Officer Marak learned during the traffic stop that an active arrest warrant was pending for Plaintiff and that he was then taken into custody. (*Id.*) (Plaintiff disputes whether Marak learned of the arrest warrant by running a check of Plaintiff's license or by Plaintiff informing him, but Plaintiff does not dispute that there was an active warrant); *see also Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009) ("The

existence of an outstanding warrant supports probable cause for an arrest"). Also undisputed is the fact that Plaintiff remained incarcerated for the arrest warrant after he was charged with and posted bond for the theft and trespassing charges. (*Id.* at ¶ 67.) (Plaintiff disputes whether he was transported back to the Hoffman Estates Police Station or remained at the South Barrington Police Station after posting bond, but he does not dispute that he remained in custody for the arrest warrant after posting bond). Even if Plaintiff could establish that there was no probable cause to arrest him for theft and trespassing, such does matter given that he was taken into custody pursuant to a pending arrest warrant. The arrest pursuant to the arrest warrant defeats his claims of false arrest and false imprisonment for the offense of theft of copper piping and trespassing. *See Thomas*, 580 F.3d at 637. The arrest pursuant to the arrest warrant makes it unnecessary for this court to determine whether there was probable cause with respect to the theft and trespassing charges.

The court notes additionally that Plaintiff cannot succeed on false arrest/imprisonment claims against Officer Lang and Detective Lopez because neither officer arrested him. Plaintiff was arrested by Officer Marak. Lang and Lopez did not encounter Plaintiff until hours after his arrest when they came to the police station to question him about the theft of copper piping. (R. 44, Pl.'s Answer ¶¶ 20-26, 48-50.)

It appears that Plaintiff's claims against Lang and Lopez are really malicious prosecution claims, i.e., their investigation of the theft and trespassing offenses never should have resulted in charges. The bringing of charges actually ended any false arrest and false imprisonment claims. *Wallace,* 549 U.S. at 389 ("a false imprisonment ends once the victim becomes held pursuant to such process-when, for example, he is bound over by a magistrate or arraigned on charges. ... Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution"); *see also Brooks,* 564 F.3d at 833 ("allegations that criminal proceedings were instituted . . . based on false evidence or testimony . . . is, in essence, [a claim] for malicious prosecution").

**Malicious Prosecution**

Plaintiff's malicious prosecution claim – that he was falsely charged with and wrongly prosecuted for theft of copper piping and trespassing – is not a federal claim. Malicious prosecution is not a constitutional tort so long as state law provides a remedy. *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001); *Bontkowski v. Smith*, 305 F.3d 757, 760 (7th Cir. 2002). Illinois allows claims of malicious prosecution. *See Newsome*, 256 F.3d 747, 750-51; *see also Reynolds v. Menard, Inc.*, 365 Ill.App.3d 812, 850 N.E.2d 831, 837 (Ill.App. 1st Dist.2006) (to establish malicious prosecution in Illinois, a plaintiff must prove "(1) the commencement or continuation of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice on the part of defendant; and (5) damages").

Having dismissed the federal claims of false arrest and false imprisonment, the only claim left is Plaintiff's state-law claim of malicious prosecution. Although the parties have briefed the malicious prosecution issue – at least the issue of probable cause with respect to the charges, the court declines to exercise supplemental jurisdiction over this claim. "A court that resolves all federal claims before trial normally should dismiss supplemental claims without prejudice." *Redwood v. Dobson*, 476 F.3d 462, 467 (7th Cir. 2007), *citing* 28 U.S.C. § 1367(c)(3). The Seventh Circuit has ruled that district courts should "relinquish jurisdiction over state law claims that remain after the dismissal of federal claims unless ... (1) the state law claims may not be re-filed because a statute of limitations has expired, (2) substantial judicial resources have been expended on the state claims, or (3) it is clearly apparent how the state claims are to be decided." *Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir.2008).

Because Illinois law permits a plaintiff whose claim has been dismissed in federal court "for lack of jurisdiction" to refile it within one year of the dismissal in state court, *see* 735 ILCS 5/13-217, the limitations issue is not a factor. *See Srail v. Village of Lisle*, No. 07 C 2617, 2008 WL 4876865, 9 (N.D.Ill.,2008) (Kennelly, J.); *see also Timberlake v. Illini Hosp.*, 175 Ill.2d 159, 164, 676 N.E.2d 634, 636-37 (Ill. 1997) (refusal by federal court to exercise supplemental jurisdiction over a pendent

state-law claim after dismissal of federal claims is considered a dismissal for lack of jurisdiction). The court further notes that, although the parties briefed the issue of probable cause for the arrest, there is little discussion about the ultimate dismissal of the theft and trespassing charges against Plaintiff.

Accordingly, the court refuses to exercise supplemental jurisdiction to address the merits of the malicious prosecution claim, and the court dismisses this claim for lack of jurisdiction and without prejudice to Plaintiff raising it in state court.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment is granted. The court dismisses with prejudice Plaintiff's claims of false arrest and false imprisonment. The court dismisses for lack of jurisdiction Plaintiff's malicious prosecution claim. The dismissal of the malicious prosecution claim is without prejudice to Plaintiff refiling the claim in state court. This judgment does not comment on the merits of the malicious prosecution claim and should not be cited by the parties with respect to the merits of the claim. The Defendants' motion to strike portions of Plaintiff's Answer is denied.

**ENTER:**

_____/s/_____
**JOAN B. GOTTSCHALL
United States District Court Judge**

**DATE: February 16, 2010**